**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

RICARDO MCNAIR                                                                                    PLAINTIFF

VERSUS                                           CIVIL ACTION NO. 2:05cv373KS-JMR

DANNY RIGEL, CLAIBORNE MCDONALD,
CATHY SAWN, JAMES DELTS,
and ELAINE DOISER                                                                              DEFENDANTS

ORDER

The plaintiff was an inmate of the Mississippi Department of Corrections when he filed this *pro se in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. He since has been released from incarceration. The named defendants are: Danny Rigel, Sheriff of Lamar County, Mississippi; Claiborne McDonald, District Attorney for Lamar County; Cathy Sawn, Assistant District Attorney for Lamar County; and Elaine Doiser, private citizen. The plaintiff was ordered to file an amended complaint to specifically state how each named defendant violated his constitutional rights. The plaintiff filed a response [doc.#9] to the Court's order to amend. Upon liberal review of the plaintiff's complaint and response, the Court has reached the following conclusions.

In order to maintain an action pursuant to § 1983, the plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or other law of the United States. West v. Atkins, 487 U.S. 42, 48 (1988); Daniel v. Ferguson, 839 F.2d 1124 (5th Cir. 1988). The United States Supreme Court concluded that, in order to act under color of state law, the defendant in a section 1983 action must have exercised power which the defendant possessed by virtue of state law, and the exercise of that power must be made possible only because the wrongdoer is clothed with authority of state law. West, 487 U.S. at 49 (citing United

States v. Classic, 313 U.S. 299, 326 (1941)).  The plaintiff has failed to assert any allegations to establish defendant Doiser as a state actor.  Even though this Court must liberally construe the *pro se* litigant's pleadings, this does not allow the Court to consider unpled facts.  See McFadden v. Lucas, 713 F.2d 143, 147 n.4 (5th Cir. 1983) (citing Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977)).  Therefore, defendant Doiser will be dismissed from this action.

Furthermore, defendants McDonald and Sawn are entitled to absolute immunity in this suit.  "Absolute judicial immunity extends to all judicial acts which are not performed in the clear absence of all jurisdiction."  Adams v. McIlhany, 764 F.2d 294, 297 (5th Cir. 1985) (citing Stump v. Sparkman, 435 U.S. 349 (1978)), cert. denied, 474 U.S. 1101 (1986). Absolute immunity also extends to prosecutors who are performing prosecutorial acts.  Imbler v. Pachtman, 424 U.S. 409 (1976).  The plaintiff alleges that he is seeking monetary damages from defendants McDonald and Sawn for malicious prosecution.  Any acts these defendants performed in the criminal prosecution of the plaintiff would be "prosecutorial acts."  As such, defendants McDonald and Sawn will be dismissed from this action.

The Court will allow the plaintiff to proceed with this action against Defendants Rigel and Delts, at this time.  **The parties are advised that this determination does not reflect any opinion of this Court that the claims contained in the complaint will or will not be determined to be meritorious.**  Accordingly,

**IT IS HEREBY ORDERED**

 1. That Claiborne McDonald, Cathy Sawn and Elaine Dosier are dismissed as defendants in this action.

 2. That the plaintiff within 20 days of the date of this order shall provide this Court with

2

the civil action number of every civil action or appeal which the plaintiff has had dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted.  Plaintiff shall also provide the name of the court and name(s) of defendant(s) in each civil action identified.

3.  That the United States District Clerk is directed to issue summons to defendants **Danny Rigel and James Delts** at P.O. Box 352, Main Street, Purvis, Mississippi 39475.  The Clerk is directed to attach a copy of this order to each complaint and response [doc.#9] that will be served on the named defendants.  The United States Marshal shall serve the same pursuant to 28 U.S.C. § 1915(d).  The defendants are required to respond to the complaints.

4.  That the defendants file their answer or other responsive pleading in this cause in accordance with the FEDERAL RULES OF CIVIL PROCEDURE and the Local Rules of this Court.

5.  That subpoenas shall not be issued except by order of the Court.  The United States District Clerk shall not issue subpoenas upon request of the *pro se* litigant, but shall instead forward the request to the Magistrate Judge assigned to this cause for review.  The plaintiff shall submit all request for the issuance of subpoenas to the Magistrate Judge's office for review.

6.  That all discovery is to be completed 90 days from the time issue is joined by the filing of an answer.  All dispositive motions shall be filed 120 days from the time issue is joined by the filing of an answer.

7.  That the counsel for the defendants shall submit a Scheduling Order in accordance with the dates set out above for completing discovery and filing all dispositive motions within 15 days from the date of the Answer.

8.  That as provided in 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the FEDERAL RULES

OF CIVIL PROCEDURE, this Court may designate and assign a magistrate judge to hear a prisoner petition challenging the conditions of confinement.  This Court hereby refers this cause to **Chief United States Magistrate Judge John M. Roper** for all further proceedings provided for by 28 U.S.C. § 636 and Rule 72 of the FEDERAL RULES OF CIVIL PROCEDURE to include conducting hearings and submitting to the district judge assigned to this cause proposed findings of fact and recommendations for the disposition of this cause.

**It is the plaintiff's responsibility to prosecute this case.  Failure to advise this Court of a change of address or failure to comply with any order of this Court will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in the dismissal of this case.**

SO ORDERED, this the 17th day of January, 2006.


s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE